## Perkins v. Commonwealth.

(Decided May 8, 1923.)

### Appeal from Union Circuit Court.

1.  Criminal Law—Repeated Improper Cross-Questions as to Prior Arrests Held Not to Entitle Accused to a New Trial.—The fact that the prosecuting attorney repeatedly asked accused on cross-examination whether he had not been arrested on different prior occasions, to each of which questions an objection was sustained, does not entitle accused to a new trial where defendant made no motion to set aside the swearing of the jury, and to continue the case, though the court should have admonished the attorney to desist from such line of interrogation.

2.  Criminal Law—Newly Discovered Evidence as to Finding of Pistol Held Cumulative.—In a prosecution for shooting at another with

intention to kill him, where there had been admitted at the trial evidence that prosecuting witness had a pistol at the time accused was shooting at him, in addition to defendant's testimony to that effect, newly discovered evidence for which a new trial was asked that after the shooting a pistol, recognized as belonging to prosecuting witness, was found at the scene, was merely cumulative, and not sufficiently important to show a probability it would change the result.

3. Criminal Law—Newly Discovered Evidence of Sister of Accused Held Not to Entitle Him to New Trial.—Newly discovered evidence that a sister of accused had found a pistol which she recognized as belonging to prosecuting witness at the scene of the shooting does not entitle him to a new trial, where the sister had been living in the same house with accused, so that he could have produced that evidence at the former trial if he had thought it important.

HENSON & TAYLOR and DAVIS & JONES for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Complaining of a judgment of conviction of the crime of maliciously shooting at another with intention to kill him without wounding, his punishment being fixed at three years' confinement in the state penitentiary, Perkins appeals.

For a reversal of the judgment he relies upon two alleged errors: (1) the Commonwealth's attorney was permitted to repeatedly ask of the defendant incompetent questions which tended to discredit him before the jury; and, (2) newly discovered evidence. Other grounds are set out in his motion for new trial but not relied upon here.

The basis of the first complaint against the judgment is found in the following extract from the record:

"Upon the cross-examination of the defendant the Commonwealth's attorney asked the defendant if it were not true that he had been fined in Magistrate Tate's court at Sturgis for carrying a pistol upon the occasion charged in the indictment under trial. Defendant objected and the objection was sustained by the court. Then the Commonwealth's attorney asked the defendant if it were not true that he had been fined in circuit court of Webster county three or four years before the shooting

charged in the indictment for carrying pistol. Defendant objected and objection was sustained by the court. The Commonwealth's attorney then asked defendant if it were not a fact that he was arrested and fined in Evansville, in the state of Indiana, for carrying blackjack. Defendant objected when objection was sustained by the court."

While we are of opinion that neither of the questions of which complaint is made, was competent, we do not think the mere asking of these questions was prejudicial, especially in view of the fact that the court, upon objection by counsel for appellant, excluded the evidence by declining to allow the witness to answer. The court should have admonished the attorney for the Commonwealth to desist from such line of interrogation. In the absence of a motion by defendant to set aside the swearing of the jury and to continue the case, we feel that this court is not authorized to grant a new trial upon this ground.

(2) The newly discovered evidence is set forth in an affidavit filed by a sister of appellant Perkins. She and the prosecuting witness had some years before been sweethearts, and it appears he frequently called upon her at her home; after the shooting, which occurred late in the afternoon, she claims to have found a pistol on the ground near where the shooting took place and that this pistol resembled one which she had seen the prosecuting witness have on occasions when he visited her home two or three years before. If it be granted that the pistol found on the ground, if one were found, belonged to the witness, we do not think the evidence of sufficient importance to justify the granting of a new trial. Another witness testified on the trial that the prosecuting witness had a pistol at the time appellant was shooting at him. This evidence, therefore, would be cumulative; at most it would only contradict the prosecuting witness, and would not otherwise tend to prove the innocence of appellant, who is charged with shooting at the witness with intention to kill him. Appellant admits he fired several shots at the witness and that he ran him through a fence and across a field; but appellant testified that at the time he began to shoot at the witness the witness was reaching for his gun and later drew it.

Aside from this the newly discovered evidence, as stated above, comes from a sister of appellant who lived

in the same house with him. He had full opportunity to learn of this evidence before the trial took place and to have summoned his sister as a witness, but failed to do so. The finding of the revolver by his sister at the place of the difficulty, if of probative value, ought to have been of sufficient importance to have impressed upon the mind of appellant the propriety of calling her as a witness, but it did not.

A new trial is never awarded by the court on the ground of newly discovered evidence unless the alleged new evidence is of such nature and character as to be calculated to have a controlling influence upon another trial. This evidence, as we appraise it, does not come up to this standard.

For this reason the judgment must be affirmed.